# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2017

Lyle W. Cayce
Clerk

No. 16-31267

DARRIN HILL, individually and by and through his next friend Marie Hill;
MARIE HILL,

> Plaintiffs - Appellees

v.

ALLEN GRESSERT, New Orleans Police Department Detective; JOSEPH
HEBERT, New Orleans Police Department Officer; DANIEL
WAGUESPACK, New Orleans Police Department Crime Lab Criminalist,

> Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-2463

Before REAVLEY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Darrin Hill was charged with a crime he did not commit and spent nearly
twenty years in state custody before his exoneration. Hill individually and
through his mother as next friend (we will simply refer to Hill throughout) has
sued the law enforcement officers who handled his investigation. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-31267

court has twice denied the individual defendants' motions for summary judgment based on qualified immunity.  The defendants appealed from the first denial, and we dismissed the appeal of one defendant, Detective Cathey Carter, but remanded for factual development with respect to the remaining defendants because "the only defendant the district court's opinion ever tied to bad conduct was Det. Carter." *Hill v. New Orleans City*, 643 F. App'x 332, 337–38 (5th Cir. 2016) (per curiam).  We remanded "with instructions to consider and determine with reasons whether each of the remaining defendants is entitled to summary judgment based on qualified immunity." *Id.* at 339.  On remand, the plaintiffs dismissed three of those defendants, and the parties provided briefing on the remaining three defendants.  Again, the district court found summary judgment unwarranted. *Hill v. New Orleans City*, No. CV 13-2463, 2016 U.S. Dist. LEXIS 176537 (E.D. La. Dec. 21, 2016).  Those three defendants (Joseph Hebert, Allen Gressert, and Daniel Waguespack) took this second interlocutory appeal.

We briefly survey the facts, which are set forth more completely in our prior opinion. *Hill*, 643 F. App'x at 334–36.  In 1992, near Lake Pontchartrain in New Orleans, a woman was raped and her boyfriend's car stolen.  Detective Carter of the New Orleans Police Department was one of the first officers to arrive on the scene and ultimately led the investigation.  She was supervised by Hebert and assisted by Gressert.  At the time in question, Waguespack was a department criminalist and tested the victim's underwear for semen, hair, and blood—evidence he allegedly reported did not exist.  Based on her investigation, but possibly without the actual test facts, Carter sought and secured an arrest warrant for Darrin Hill.  Hill was and is mentally ill, and he spent the next seven years incarcerated but untried due to his mental condition.  In 1999, he was tried and found not guilty by reason of insanity—an adjudication that meant he had committed the crime but was criminally

insane. He spent the next thirteen years in state custody, at which point DNA testing of the rape victim's underwear conclusively established his innocence (and the guilt of one Derrick Woodberry). Upon being freed, Hill sued. The defendants before us have all asserted qualified immunity and sought summary judgment on that basis.

When a government official asserts qualified immunity, the burden is on the plaintiff to show that the defendant violated the plaintiff's clearly established rights. *See Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). "Where the district court has denied summary judgment on the ground that material issues of fact exist as to the plaintiff's claims, this court lacks jurisdiction to review the court's determination that a genuine fact issue exists." *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007). Instead, we "consider only whether the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment." *Kinney v. Weaver*, 367 F.3d 337, 348 (5th Cir. 2004) (en banc). Simply put, we ask if disputes of fact are *material*, not if they are *genuine*. *Good v. Curtis*, 601 F.3d 393, 397 (5th Cir. 2010).

We must dismiss the appeals of defendants Hebert and Gressert. Previously, we held that Carter was not entitled to summary judgment on the basis of qualified immunity. The facts before us indicated wrongdoing on her part that would rise to the level of clearly established constitutional violations. *See Hill*, 643 F. App'x at 337–38. On remand, the district court found, as a matter of fact, that Hebert and Gressert are implicated in the same misconduct. We have no jurisdiction to question that determination.

At most, there is perhaps uncertainty as to what particular wrongful acts Hebert and Gressert performed. In such cases, "conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act."

*Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).  The district court applied this law of conspiracy in denying summary judgment, and the defendants have shown no legal error in its application.  Citing the intracorporate conspiracy doctrine, however, they make the argument that an actionable conspiracy between Carter, Hebert, and Gressert is legally impossible because they all worked for the New Orleans Police Department.  This argument was not made in the district court, and we therefore do not consider it.[1]  *See LeMaire v. La Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

Waguespack's appeal relies on different arguments.  As previously mentioned, during the time in question, Waguespack was a criminalist in the New Orleans Police Department and was tasked with analyzing the victim's underwear.  Hill's complaint alleged that Waguespack "tested the underwear worn by the victim immediately after the rape . . . [and] falsely reported that no semen was present on the underwear.  In fact, semen was present on the underwear, and subsequent testing on sperm collected from the semen on the underwear proved that it was deposited by Derrick Woodberry and not Darrin Hill."  Hill's complaint also alleged that "Waguespack either knowingly or recklessly failed to conduct serological testing on the underwear to detect the presence of seminal fluid and falsely reported that no seminal fluid was present or did in fact conduct such testing and misreported the results."

For its part, the district court concluded that the genuine fact issue regarding Waguespack was "whether he did phosphatase and microscopic examinations or whether he only conducted a phosphatase examination." *Hill,* 2016 U.S. Dist. LEXIS 176537, at *8–9.  The district court made no findings relevant to bad faith,[2] specifically, the district court did not make any findings

---

[1]  For this reason, we need not address the impact, if any, of *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), on this case.

[2] Although the district court concluded that a jury could determine that Waguespack "concealed" the alleged test, this statement appears to be a restatement of the "failing to

4

that there are disputed facts that would suggest that (1) Waguespack would have any reason to think the presence of sperm would be exculpatory (rather than inculpatory, supporting a claim of rape), (2) there was any known suspect who might be exonerated by the then-nascent science of DNA, or (3) there was any basis to conclude Waguespack had a motivation to lie. *See Hernandez v. Mesa*, 137 S. Ct. 2003, 198 L. Ed. 2d 625, 630 (2017) (per curiam) (a qualified immunity analysis focuses on facts known to the officer at the time of the event in question).

With respect to the disputed facts the district court did find, we lack jurisdiction to assess the genuineness of any factual dispute but not its materiality. Assuming the version of the disputed facts found by the district court that provides the best case for Hill's position, then, the question is whether Waguespack's knowing failure to disclose testing that showed the presence of sperm (not, it should be clear, a test that disclosed *whose* sperm it was) violated clearly established law as of 1992,[3] when the actions occurred.

Hill cites to no case law that would suggest that "concealing" the presence of semen is the same as destroying or altering evidence. More importantly, there is nothing to put Waguespack on notice that merely failing to disclose the presence of semen, itself not exculpatory, and then preserving (NOT destroying) the underwear itself would violate Hill's constitutional rights. In his brief to our court, Hill argued that Gressert and Hebert violated clearly established law, but he made no such argument as to Waguespack; the

---

disclose" fact issue, and the district court did not explicate a finding of bad faith from that asserted failure to disclose. There is no dispute that the "concealed test" would have revealed only the presence of sperm. Nothing about "concealing" the presence of sperm in 1992 would have equated to "tampering" or "altering," which is the legal conclusion relevant here.

[3] As Waguespack's brief explains it: "Even under the general qualified immunity standard of objective unreasonableness, Waguespack is entitled to qualified immunity because it was not obvious to someone in his position that failing to report this test would violate anyone's constitutional rights."

district court also did not address "clearly established law" as to Waguespack. These omissions, alone, are fatal to his case against Waguespack. *Cass v. City of Abilene*, 814 F.3d 721, 732–33 (5th Cir. 2016) (per curiam).

Assuming arguendo that we should nonetheless address this ground, at oral argument, Hill pointed to *Brown v. Miller*, 519 F.3d 231 (5th Cir. 2008), as the case that provides the "clearly established law." However, in that case, the defendants had a known suspect, compared DNA samples from the crime to the suspect's samples, found the results either exculpatory or inconclusive, and then lied about the results by saying they matched. *Id.* at 234–35. *Brown* is quite a distance from even the worst of the allegations against Waguespack here. Drawing broad conclusions from its holding is incompatible with a qualified immunity analysis. *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (broad propositions and a high level of generality are insufficient for qualified immunity purposes). In sum, Hill failed to defeat qualified immunity as to Waguespack.

Upon these grounds, we DISMISS the appeals of Hebert and Gressert, and REVERSE as to Waguespack with instructions to the district court to render judgment in favor of him on the ground of qualified immunity. We do not overlook the defendants' remaining arguments but find that they lack merit sufficient to warrant discussion.

No. 16-31267

REAVLEY, Circuit Judge, dissenting:

I dissent because on this interlocutory appeal this court has jurisdiction of only issues of law, and we may not review the district court's determination that a genuine fact issue exists. *See Kinney v. Weaver*, 367 F.3d 337, 348 (5th Cir. 2004) (en banc). This court today cites the law and then avoids it.

The district court has found triable issues of fact as to what tests were performed by Waguespack and whether his failure to report the results concealed exculpatory evidence.

What the defendant found by his examination, and its materiality may be for the defendant to prove and the jury to decide.